## BOARD OF COMMISSIONERS OF SWEET WATER DRAINAGE DISTRICT *v.* SIMMONS.

1. Where a petition was filed to establish a drainage district under the drainage act of 1911, where during the progress of such proceeding the drainage court passed an order calling upon the owner of lands not embraced in such petition to answer said petition, and to show

cause, if any he could, why said court should not proceed to establish said district as prayed for in said petition and why said court should not proceed as provided in said act, where such owner was made a party to the proceeding without objection on his part, where afterwards the board of viewers made their preliminary and final reports recommending the inclusion of the lands of such owner in the district, where such owner was duly notified of the time when the drainage court would have hearings on such reports, and where after such hearings the drainage court rendered its judgment establishing such district and confirming such reports, such judgment is not void because, at the time he was made a party, such owner had no lands in the proposed district, no interest in such proceeding, and no right to object to the establishment of the district; he being chargeable with knowledge that the drainage court could include within the boundaries of the district as finally established the lands of such owner.

2. The other attacks on the judgment establishing this district are without merit.

3. The chancellor erred in granting an interlocutory injunction in this case.

No. 3358. APRIL 12, 1923. REHEARING DENIED JUNE 7, 1923.

Injunction. Before Judge Fortson. Gwinnett superior court. July 13, 1922.

*I. L. Oakes* and *R. N. Holt,* for plaintiffs in error.

*W. E. Simmons* and *N. L. Hutchins,* contra.

HINES, J. 1. The facts in this case are the same as those in the case of *Board of Commissioners of Sweet Water Drainage District* v. *Brown,* ante, 419, except as herein noted. The defendant in error in this case, hereinafter called the defendant, was not one of the plaintiffs in the petition for the establishment of said district. He was made a party by an order of the drainage court passed on Jan. 3, 1916. This order recites that various parties, including the defendant, were owners of land in the proposed drainage district, and had failed to sign the petition for its establishment. This order required the defendant to appear at the next court of the board of commissioners of roads and revenues of Gwinnett County, to be held on the first Monday in March, 1916, to answer said petition, and then and there to show cause, if any he could, why said court should not proceed to establish said drainage district as prayed for in said petition, and why said court should not proceed as provided in the drainage act of 1911. Without objection he was made a party defendant to this proceeding. The points are made, that the defendant had no interest in the establishment of the drainage district prayed for, that it could not possibly affect his lands beneficially, that he could not

urge any objections to the establishment of the district proposed, because of his lack of interest, that for this reason he was without standing in the drainage court, and that this court had no jurisdiction over his land located on Yellow River or elsewhere, and was without jurisdiction of any lands except those in the drainage district proposed in the petition for its creation.

These points are not well taken. The drainage act of 1911 expressly provides that the drainage district proposed in the petition for its establishment is only tentative. By section 6 of this act it is declared that " if it appear that there is any land within the proposed . . drainage district that will not be affected by the leveeing or drainage thereof, such lands shall be excluded and the names of the owners withdrawn from such proceeding; and if it be shown that there is any land not within the proposed district that will be affected by the construction of the proposed levee or drain, the boundary of the district shall be so changed as to include such land, and such additional landowners shall be made parties plaintiff or defendant respectively, and summons shall issue accordingly as herein provided." Acts 1911, pp. 108, 112; Park's Code, § 439 (f). The defendant was charged with knowledge of this law. When he was summoned to appear and show cause, if any he could, why he should not be made a party defendant, why the court should not proceed to establish the district as prayed for in the petition for its creation, and why the court should not proceed as provided for in this act, he was put upon notice that, as he had no lands within the boundaries of the district proposed in the petition, it was the manifest purpose of the drainage court to consider the inclusion, within the boundaries of the drainage district, of some of his lands. After he was made a party to the proceedings, without objection, it was his duty to watch the proceedings, and see whether the boundaries of the proposed district were so changed as to embrace any of his lands. When the viewers made their report and filed a map showing that land of the defendant was included in this drainage district, and he was properly notified that the drainage court would pass upon this report at a hearing on a fixed date, it was incumbent upon the defendant to appear at such hearing and make such objections to the inclusion of his lands in said district as he might think proper. If his objections were overruled by the

drainage court, then he could appeal to the superior court, and in that court have the judgment of the drainage court reviewed and, if erroneous, reversed. Not having availed himself of these remedies, he is now concluded by the judgment of the drainage court, establishing this district. Forever hereafter he must hold his peace.

2. The other grounds of attack upon the judgment of the drainage court establishing this drainage district have been held by this court to· be without merit in the case of *Brown,* supra.

*Judgment reversed. All the Justices concur, except Russell, C. J., dissenting.*

### ON MOTION FOR REHEARING.

1. In his motion for a rehearing plaintiff alleges that the court erred in holding that movant had been made a party to the proceeding to create the drainage district prayed for in the petition, by his failure to appear at the March term of the drainage court in answer to a rule nisi to show cause why said drainage district should not be established as prayed for, because it· affirmatively appears from the record that no order was taken at said March term, or at any other term, making movant a party plaintiff or defendant to said proceedings. In the original petition for the establishment of this drainage district, it is alleged that plaintiff owned 40 acres of land within the proposed district. After describing the tract or body of land by land lots and districts, the petition alleges as follows: " Petitioners show that said lands in the proposed drainage district are owned as follows:" Then follow the names of the 78 landowners within the proposed district, with the acreage of each set out opposite his name; and in this list is the name of plaintiff, and opposite his name his acreage is given as 40 acres. The plaintiff did not sign this petition. On Jan. 3, 1916, the drainage court passed an order requiring certain defendants, including the plaintiff, to be and appear before the drainage court ."on the first Monday in March, 1916, then and there to answer " the petition for the establishment of the proposed drainage district, " and then and there to show cause, if any they can, why said court should not proceed to establish said drainage district as prayed for in said petition; and why said court should not proceed as provided by act . . approved August 19, 1911 (Acts 1911, p. 108 and following) and

amendments thereto." On this order a summons was issued directed to the plaintiff, calling upon him to be and appear at the drainage court on the first Monday in March, 1916, then and there to answer said petition, and then and there to show cause, if any he could, why said court should not proceed to establish said drainage district as prayed for in said petition, and why said court should not proceed as provided by said act. The plaintiff was served with this summons on Feb. 8, 1916. He did not appear and answer said petition in obedience to said summons; and the drainage court proceeded and established said drainage district, which includes the land of plaintiff.

The petition having alleged that the plaintiff was a landowner within the limits of the proposed drainage district, the above order, the issuance of a summons thereon directed to the plaintiff, requiring him to appear and answer said petition, and the service of the summons on plaintiff effectually made the plaintiff a party to said proceeding, without any further formal order declaring him a party; and he thus became bound by the judgment of the drainage court establishing said drainage district.

2. Plaintiff further alleges that this court erred, through a misunderstanding of the evidence in the record, in stating that the board of viewers in their preliminary and final reports recommended the inclusion of the lands of plaintiff in said district. This contention of the plaintiff is not well founded. The petition for the establishment of this district alleges that the plaintiff was the owner of lands therein. On July 3, 1916, the board of viewers made their preliminary report in which they stated that they had had such surveys made as were necessary to determine the boundaries of the district in accordance with the provisions of section 3 of the drainage act of 1911. This board was required by this act to examine the land described in the petition and other land, if necessary, to properly locate the improvement for the drainage of the proposed district. Their preliminary report makes no reference to the exclusion of any lands mentioned in the petition. This they necessarily would have done, if they had excluded any lands embraced in the petition. Therefore it follows that their surveys and preliminary report must have embraced the lands of plaintiff mentioned in the petition; and thus the viewers recommended in their preliminary report

the inclusion of these lands in the drainage district. But if this were not so, then the preliminary report shows that the board of viewers made changes in the district as originally proposed. The final report of the board specifically embraces the lands of plaintiff in the district as finally laid out. Thus the board unequivocally recommended inclusion of these lands in this district.

But plaintiff further insists that there was no order passed by the drainage court changing the boundaries of the district. The drainage court, after the preliminary report was made, rendered its judgment establishing this drainage district as per the survey and plan thereof made by the engineer and approved by the board of viewers. No other order was necessary to change the boundaries of the district as originally proposed.

Plaintiff also contends in his motion for a rehearing that he never received any other notice, touching the proceedings to establish this drainage district, except the one requiring him to appear at the March term, 1916, of the drainage court to show cause why this drainage district should not be established as prayed for. We have shown that this notice was of broader scope than this. Besides, the record discloses that notices were given to all persons interested, including plaintiff, of the filing of the preliminary and final reports of the board of viewers, and of the times when the drainage court would act thereon, thus giving to such parties ample opportunity to appear and be heard in opposition to the adoption of such reports.

3. Finally, the plaintiff asserts that an important issue in this case was not passed upon by this court. In his motion for a rehearing the plaintiff states that issue as follows: in his petition for injunction he prayed that, in the event it should be determined that the fi. fas. issued against him for the assessments for 1919 and 1920 were legally issued, the board of drainage commissioners be enjoined from levying them until said board, or its successors, shall have drained Yellow River through his said bottom land to its intersection with the canal of said drainage district, as it would be unjust to permit said board to collect said money from him before he has received any benefit from said drainage project. While we did not deal specifically with this contention of the plaintiff, we did not overlook it; but this contention was disposed of by our ruling that all other questions, not expressly passed

upon in our opinion, were controlled by the *Brown* case. If the plan of this improvement as tentatively set out in the preliminary report of the board of viewers, and as eventually fixed in the final report, would not drain these lands of plaintiff, and for this or any other reason would be of no benefit to him, he should have made this defense in the drainage court, and before the final judgment of that court establishing the district. Not having done so, it is now too late for him to raise the question that he was not benefited by said improvement. He should have made this defense before the drainage court. The motion for rehearing is denied.